STATE OF NORTH CAROLINA v. THOMAS F. BROWN

No. COA09-1213

(Filed 15 June 2010)

**Constitutional Law— Miranda warning—voluntary waiver— motion to suppress properly denied**

The trial court in a trafficking in cocaine case did not err in denying defendant's motion to suppress statements made to law enforcement. The evidence supported the trial court's findings of fact, which supported its conclusion of law, that defendant's waiver of his *Miranda* rights was made freely, voluntarily, and understandingly.

Appeal by defendant from order dated 26 March 2009 by Judge Jack A. Thompson in Johnston County Superior Court. Heard in the Court of Appeals 29 April 2010.

> *Attorney General Roy Cooper, by Assistant Attorney General LaToya B. Powell, for the State.*

> *Center for Death Penalty Litigation, by David Weiss, for defendant.*

BRYANT, Judge.

On 23 July 2007, a Johnston County grand jury indicted defendant Thomas F. Brown for trafficking in cocaine by possession and trafficking in cocaine by transportation. Defendant moved to suppress his statements to law enforcement, which motion the trial court denied by order dated 26 March 2009. Defendant then pled no contest to trafficking in cocaine by possession and the trial court sentenced him to 35 to 42 months in the Department of Correction. Defendant appeals. As discussed herein, we affirm.

### Facts

On 19 June 2007, defendant was a passenger in a car pulled over for speeding by a State Highway Patrol trooper. When the trooper approached the car, he smelled marijuana and saw a green leafy substance on defendant's shirt. The trooper searched defendant and found a bag of white powder in his pocket. The officer arrested defendant and took him to a State Highway Patrol office where he was interrogated by State Bureau of Investigation Agent Michael Hall. Defendant admitted to Agent Hall that the bag of powder found in his pocket belonged to defendant, that he was a "mule", that he planned to sell it for someone else he refused to name, and that he expected to make $1,500.00 on the transaction.

On appeal, defendant makes a single argument: the trial court erred in denying his motion to suppress his statements to Agent Hall. We affirm.

### Standard of Review

"This Court's review of a trial court's denial of a motion to suppress in a criminal proceeding is strictly limited to a determination of whether the court's findings are supported by competent evidence, even if the evidence is conflicting, and in turn, whether those findings

support the court's conclusions of law." *In re Pittman*, 149 N.C. App. 756, 762, 561 S.E.2d 560, 565 (citation omitted), *disc. review denied*, 356 N.C. 163, 568 S.E.2d 608 (2002), *cert. denied*, 538 U.S. 982, 155 L. Ed. 2d 673 (2003). This standard applies even where the motion to suppress is based on alleged violations of constitutional rights such as those afforded by *Miranda*. *Id.* "In considering a motion to suppress a statement for lack of voluntariness, the trial court must determine whether the State has met its burden of showing by a preponderance of the evidence that the statement was voluntarily and understandingly given." *State v. Nguyen*, 178 N.C. App. 447, 451, 632 S.E.2d 197, 201 (2006) (citing *State v. Mlo*, 335 N.C. 353, 363-64, 440 S.E.2d 98, 102, *cert. denied*, 512 U.S. 1224, 129 L. Ed. 2d 841 (1994)). However, where a defendant fails "to separately assign error to any of the numbered findings of fact in the trial court's order denying defendant's motion to suppress. . . . our Court's review of this assignment of error is 'limited to whether the trial court's findings of fact support its conclusions of law." *Id.* at 451-52, 632 S.E.2d at 201 (quoting *State v. Cheek*, 351 N.C. 48, 63, 520 S.E.2d 545, 554 (1999)).

## Analysis

Defendant argues the trial court erred in denying his motion to suppress his statements to Agent Hall. We disagree.

In his pretrial motion to suppress, defendant contended that defendant's waiver of his *Miranda* rights was invalid because it was not made knowingly, intelligently and voluntarily. The trial court made ten findings of fact in support of its three conclusions of law:

1. That neither [] Defendant's State or Federal constitutional rights were violated by the interview of [] Defendant.

2. There were no promises, offers of reward or threats to persuade or induce [] Defendant to make a statement.

3. That the waiver of Defendant's right to have counsel before being interviewed by Law Enforcement was made freely, voluntarily, and understandingly as were the incriminating statements that followed.

Here, defendant failed to assign error to any of the trial court's findings, limiting our review to whether the court's findings support its conclusions. *Id.* at 451-52, 632 S.E.2d at 201.

Despite his failure to assign error to any findings, in his brief, defendant asserts "the trial court's factual finding that [defendant]

understood and validly waived each of his Miranda rights is not supported by competent evidence." The trial court did not make such a finding. From the context of defendant's argument, however, he appears to challenge finding 6, which states:

> 6. After completing the interview with [the woman with whom defendant was arrested], at or about 11:06 a.m., Agent Hall began a conversation with [] Defendant by first advising [] Defendant of his Miranda rights. Agent Hall read each of the Miranda rights one at a time, and after reading each right, asking [] Defendant if he understood, to which [] Defendant replied "yes", Agent Hall put a checkmark beside each right [to which] Defendant responded in the affirmative as appears on Exhibit M1, that is attached hereto and incorporated herein by reference.

Having not assigned error to this finding, it is conclusive on appeal. This finding, and the court's findings that defendant was coherent and did not appear to be under the influence of drugs or alcohol, and that no law enforcement officer offered any reward or inducement for his statements, fully support the trial court's conclusions.

We note that even had defendant properly preserved a challenge to finding 6 for our review, he would not prevail. During Agent Hall's hearing testimony, he recounted his reading of each statement on the *Miranda* form to defendant, waiting for defendant to respond in the affirmative and then checking off the statement on the form. The following colloquy ensued:

> [Agent Hall]: You have the right to remain silent. After I read that, I asked him did he understand that. He said, yes. Placed a check beside that. Anything you say can be used—can be and may be used as evidence against you in court. He understood that, as well. You have the right to talk to—
>
> [Defense counsel]: Objection to that conclusion, as to whether or not he understood it. And he's saying what conversation they had—
>
> The Court: Objection sustained.
>
> [Defense counsel]: Thank you, Your Honor.
>
> [Agent Hall]: The next one I read was: You have the right to talk with a lawyer before questioning and have a lawyer with you while you're being questioned. I asked him if he understood that. He said, yes. I put a check beside that, as well.

The next [sic] I read to him is: If you want a lawyer before or during questioning but cannot afford to hire a lawyer, one would be appointed to you at no cost before questioning. I asked him if he understood that. He said, yes. I put a check beside that one, as well.

After that, I asked him—there's another statement underneath that, and it is: I have read this statement of my rights and I understand what my rights are. And I put—and I asked him if he understood that—all that, and he said, yes.

Q: Now, after you did that, what did you do next?

[Agent Hall]: I put an "X" to where to sign, and I showed him—I said that—if you understand all these rights that I have read to you. And he said, yes, again. I asked him to sign it and he said he would not sign it; he refused to sign it.

Q: Now as far as a waiver of rights, the bottom of that form, did you ask any questions concerning that, also?

[Agent Hall]: I did.

Q: And what questions did you ask?

[Agent Hall]: I started out by, do you understand each of these rights that I have explained to you? He said, yes. I checked the yes box. . . .

Defendant contends finding 6 is not supported because, after defense counsel's objection, Agent Hall never explicitly stated that defendant responded "yes" after being asked whether he understood that anything he said could be used against him. However, as defendant acknowledges, Agent Hall stated that he asked defendant "if you understand all these rights that I have read to you. And he said, yes, again." Agent Hall later repeated this question, asking defendant, "do you understand each of these rights that I have explained to you? He said, yes." Defendant argues this was insufficient because defendant's "assent to these broadly-worded questions cannot substitute for evidence specifically showing that he understood each individual *Miranda* warning." However, he cites no authority for the proposition that reading individual *Miranda* warnings to a defendant and then receiving responses of "yes" to repeated questions of whether defendant understood them is insufficient to protect defendant's constitutional rights. Our case law makes clear that the ultimate test of

admissibility is whether a waiver is made knowingly and voluntarily and that this determination is made based on the totality of the circumstances. *See State v. Rook*, 304 N.C. 201, 216, 283 S.E.2d 732, 742 (1981), *cert. denied*, 455 U.S. 1038, 72 L. Ed. 2d 155 (1982).

Agent Hall's testimony supports finding 6 in that Agent Hall advised defendant of his *Miranda* rights, read each statement on the *Miranda* form and asked defendant if he understood them, put checkmarks on the list by each statement as he went through indicating that defendant had assented, and then twice confirmed that defendant understood all of the rights read to him. The totality of the circumstances present here, as reflected in the trial court's findings, fully support its conclusion that defendant's waiver of his *Miranda* rights was "made freely, voluntarily, and understandingly."

Affirmed.

Judges ELMORE and ERVIN concur.